# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REBA LUCAS, WIDOW OF
JIMMY LUCAS (DECEASED),**
Claimant Below, Petitioner

**vs.)    No. 13-1143** (BOR Appeal No. 2048343)
                            (Claim No. 980043463)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
Commissioner Below, Respondent

**TONEY'S BRANCH COAL COMPANY,**
Employer Below, Respondent

**AUGUSTA PROCESSING, INC.,**
Employer Below, Respondent

**and**

**WILLIAMS MOUNTAIN COAL COMPANY**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Reba Lucas, widow of Jimmy Lucas, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 23, 2013, in which the Board affirmed an April 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 16, 2010, decision denying Mrs. Lucas's request for dependent's benefits based on her husband's death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lucas worked as a coal miner for nearly thirty years. He was working for Toney's Branch Coal Company in 1997 when he retired. He then filed an application for workers' compensation benefits based on his exposure to the hazards of occupational pneumoconiosis. The Occupational Pneumoconiosis Board considered Mr. Lucas's application, and he was granted a presumptive 10% permanent partial disability award based on the Occupational Pneumoconiosis Board's findings. It reconsidered Mr. Lucas's claim three years later and determined that there was no increase in his pulmonary impairment related to occupational pneumoconiosis. Following this determination, the United States Department of Labor granted Mr. Lucas a federal award for black lung.

On June 28, 2009, Mr. Lucas died. His death certificate listed the cause of death as chronic obstructive pulmonary disease and pneumoconiosis. Mrs. Lucas filed an application for dependent's benefits based on Mr. Lucas's death. William Houser, M.D., evaluated Mr. Lucas's records and determined that his chronic obstructive pulmonary disease was a consequence of exposure to coal dust as well as cigarette smoking. Dr. Houser found that inhalation of coal and rock dust was a substantial factor in Mr. Lucas's death. The Occupational Pneumoconiosis Board then considered Mrs. Lucas's application. It determined, based on its prior examinations, that occupational pneumoconiosis was not a material, contributing factor in Mr. Lucas's death. The Occupational Pneumoconiosis Board found that there was very minimal change in the nodular fibrosis in his lungs consistent with occupational pneumoconiosis. It also found no pleural plaques. On July 16, 2010, the claims administrator denied Mrs. Lucas's request for dependent's benefits. The United States Department of Labor, however, granted Mrs. Lucas dependent's benefits for federal black lung based on Mr. Lucas's death. Gregory J. Fino, M.D., also reviewed Mr. Lucas's records and determined that occupational pneumoconiosis did not contribute to his death. Dr. Fino found that Mr. Lucas's respiratory impairment was due to cigarette smoking and there was no radiographic evidence of occupational pneumoconiosis. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. On behalf of the Occupational Pneumoconiosis Board, Jack L. Kinder, M.D., testified that Mr. Lucas's chronic obstructive pulmonary disease, which caused his death, was related to his significant history of cigarette smoking. Dr. Kinder estimated that Mr. Lucas smoked between a half to a full pack of cigarettes per day for nearly fifty years prior to his death. Dr. Kinder concluded that occupational pneumoconiosis did not materially contribute to Mr. Lucas's death. On April 26, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on October 23, 2013, leading Mrs. Lucas to appeal.

The Office of Judges concluded that occupational pneumoconiosis was not a material, contributing factor in Mr. Lucas's death. In reaching this determination, the Office of Judges relied on the report and hearing testimony of the Occupational Pneumoconiosis Board. The

Office of Judges determined that the Occupational Pneumoconiosis Board consistently found that occupational pneumoconiosis did not contribute to Mr. Lucas's death. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Lucas has not demonstrated that she is entitled to dependent's benefits based on her husband's death. The evidence in the record does not show that occupational pneumoconiosis "contributed in any material degree" to Mr. Lucas's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). The Occupational Pneumoconiosis Board consistently determined that Mr. Lucas's death was related to chronic obstructive pulmonary disease due to his significant history of smoking. The Office of Judges properly accorded this medical determination "considerable deference" in reaching its own conclusion. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). Mrs. Lucas has not presented sufficient evidence undermining the credibility of the Occupational Pneumoconiosis Board's findings. Although Dr. Houser believed that Mr. Lucas's lung problems were related to occupational pneumoconiosis, his opinion is not supported by the remainder of the evidence in the record. The Office of Judges was justified in relying on the Occupational Pneumoconiosis Board's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3